1  **SIDLEY AUSTIN LLP**
   Vernon M. Winters (SBN 130128)
2  Alexander D. Baxter (SBN 281569)
   555 California Street, Suite 2000
3  San Francisco, CA 94104-1503
   Telephone: (415) 772-1200
4  Facsimile: (415) 772-7400
   vwinters@sidley.com
5
   **PAUL, WEISS, RIFKIND, WHARTON**
6  **& GARRISON LLP**
   Nicholas Groombridge (*pro hac vice*)
7  Eric Alan Stone (*pro hac vice*)
   Jennifer H. Wu (*pro hac vice*)
8  Jennifer Gordon
   Peter Sandel (*pro hac vice*)
9  Ana J. Friedman (*pro hac vice*)
   Arielle K. Linsey (*pro hac vice*)
10 Stephen A. Maniscalco (*pro hac vice*)
   1285 Avenue of the Americas
11 New York, NY 10019-6064
   Telephone: (212) 373-3000
12 Facsimile: (212) 757-3990
   ngroombridge@paulweiss.com
13
   **AMGEN INC.**
14 Wendy A. Whiteford (SBN 150283)
   Lois M. Kwasigroch (SBN 130159)
15 One Amgen Center Drive
   Thousand Oaks, CA 91320-1789
16 Telephone: (805) 447-1000
   Facsimile: (805) 447-1010
17 wendy@amgen.com

**KIRKLAND & ELLIS LLP**
James Beard (S.B.N. 267242)
555 California Street
San Francisco, CA 94403
Telephone: (415) 439-1689
Facsimile: (415) 436-1500
james.beard@kirkland.com

**KIRKLAND & ELLIS LLP**
James F. Hurst (*pro hac vice*)
Cristina Q. Almendarez (*pro hac vice*)
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2687
Facsimile: (312) 862-2200
james.hurst@kirkland.com
cristina.almendarez@kirkland.com

**KIRKLAND & ELLIS LLP**
Jeanna M. Wacker (*pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4773
Facsimile: (212) 446-6460
jeanna.wacker@kirkland.com

*Attorneys for Defendants Sandoz Inc. and Lek Pharmaceuticals, d.d.*

18 *Attorneys for Plaintiffs Amgen Inc. and Amgen Manufacturing Limited*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMGEN INC. and AMGEN MANUFACTURING LIMITED, <br><br> Plaintiffs, <br><br> vs. <br><br> SANDOZ INC., SANDOZ INTERNATIONAL GMBH, SANDOZ GMBH, and LEK PHARMACEUTICALS, D.D. <br><br> Defendants. | Case No. 3:16-cv-02581-RS <br><br> **STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Upon the stipulation of Amgen Inc., Amgen Manufacturing Limited, Sandoz Inc., and Lek Pharmaceuticals, d.d. (collectively, "the parties"), the Court ORDERS as follows:

**Purpose**

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1." Nothing in this Order shall waive in whole or in part any objection raised by a party in its written responses to specific discovery requests served in this action.

**Cooperation**

2. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**Modifications**

3. This Order may be modified in the Court's discretion or by stipulation.

**Cost Shifting**

4. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

5. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

**Preservation**

6. The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that ESI from certain data sources will be considered not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), and for purposes of this litigation, the parties agree they need not preserve the following: (i) recorded voice messages; (ii) instant messaging communications that are not

1

ordinarily retained in a server dedicated to instant messaging; (iii) draft email or electronic communications that are not sent; (iv) temporary data stored in a computer's random access memory (RAM), or other ephemeral data that are difficult to preserve without disabling the operating system; (v) online access data such as temporary Internet files, history, cache, cookies, and the like; (vi) device-to-device (pin-to-pin) messages sent to or from mobile devices (e.g., Android, iPhone, and Blackberry devices); (vii) other electronic data stored on a mobile device, such as calendar or contact data or notes; (viii) logs of calls made from mobile devices; (ix) server, system or network logs; (x) electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report; (xi) backup tapes intended for data-recovery purposes (xii) deleted data remaining in fragmented form only accessible by forensics.

7. Documents in this litigation will be produced in single-page TIFF format with full-text extraction and Concordance load files. If there is no extractable text, the producing party shall perform Optical Character Recognition ("OCR") on the document and provide the associated text file. All text files should be produced as document level text files with a path to the text file included in the Concordance load file; extracted text/OCR should not be embedded in the load file itself. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format to the extent reasonably accessible. Additionally, where production of a document in TIFF image file format would be impracticable (such as Excel spreadsheets), the producing party shall produce such document in native format.

**Email**

8. General ESI production requests under Federal Rule of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). Email production requests shall be governed by the search term process outlined below. To obtain email parties must propound specific email production requests.

9. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

10. A requesting party shall limit its email production requests to a total of eight custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request. The parties shall meet and confer as soon as possible to identify the custodians who are most likely to have responsive or relevant emails.

11. Each requesting party shall limit its email production requests to a total of ten search terms per custodian. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. A disjunctive string of patent numbers that are asserted in this litigation shall only count as a single search term. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

12. As with the production of any other documents in this litigation, production of email shall be subject to and may be limited by the producing party's objections, pursuant to Federal Rule of Civil Procedure 34, and nothing in this Order shall be construed to the contrary.

**Other ESI**

13. For all other ESI that must be preserved and searched, reviewed and produced, and

3

which does not qualify as email ESI as set forth above, a producing party shall be subject to its general obligation to conduct a reasonable search to locate and produce any responsive information (subject to its objections) pursuant to Federal Rule of Civil Procedure 34. Such search may include using search terms to search ESI on central databases, servers, or individual hard drives, or producing all ESI from particular electronic folders or files likely to contain responsive information, and/or any other appropriate method to capture the responsive information.

**Metadata**

14. For email production, the following metadata shall be included, if available:

| FIELDNAME | DESCRIPTION |
| --- | --- |
| PRODBEG | Beginning production number |
| PRODEND | Ending production number |
| PRODVOL | Production volume (e.g., MF-PD001) |
| BEGATTACH | Beginning production family number |
| ENDATTACH | Ending production family Number |
| CUSTODIAN | Human custodian whose email was searched |
| PGCOUNT | Total page count per document |
| DOCTYPE | "EMAIL" (for email), "ATT" (for attachment) |
| DOCEXT | File extension of original document |
| TITLE | Subject of e-mail or Title of Attachment or Electronic Loose File |
| DESIGNATION | Confidentiality designation |
| DOCDATE | Document Last Modified Date or Document Sent Date, Use Sent Date of Parent Email if Attachment |
| DOCTIME | Document Last Modified Time or Document Sent Time, Use Sent Time of Parent Email if Attachment |
| TEXT | Text of email/attachment |

4

| | | |
|---|---|---|
| FILESIZE | | Document file size in bytes |
| FILENAME | | Attachment or electronic loose filename |
| AUTHOR | | Author of document |
| APPNAME | | File Type, such as Word 6.0, Excel 2000, etc. |
| FROM | | Email sender |
| RECIPIENT | | Email recipient or paper recipients |
| CC | | Email CC or paper CC |
| BCC | | Email BCC or paper BCC |
| CONVERSATIONID | | Identification of a message chain |
| CONVERSATIONINDEX | | Position of the message in a conversation |
| CONVERSATIONTOPIC | | Text topic of the conversation without RE, FW, etc. |
| MD5/SHA VALUE | | Facilitates de-duplication |

15. For production of all other ESI, the following metadata shall be included, if available:

| **FIELDNAME** | **DESCRIPTION** |
|---|---|
| PRODBEG | Beginning production number |
| PRODEND | Ending production number |
| PRODVOL | Production volume (e.g., MF-PD001) |
| CUSTODIAN | Human custodian whose files were searched |
| PGCOUNT | Total page count per document |
| DOCEXT | File extension of original document |
| TITLE | Title of original document |
| DESIGNATION | Confidentiality designation |
| CREATEDATE | Document Creation Date |
| DOCDATE | Document Last Modified Date |

| DOCTIME | Document Last Modified Time |
| --- | --- |
| TEXT | Text of document |
| FILESIZE | Document file size in bytes |
| FILENAME | Attachment or electronic loose filename |
| AUTHOR | Author of document |
| APPNAME | File Type, such as Word 6.0, Excel 2000, etc. |
| MD5/SHA VALUE | Facilitates de-duplication |

16. Should additional metadata exist that if provided would significantly aid a receiving party in understanding or using a particular document(s), if requested, the producing party shall not unreasonably withhold such metadata if such metadata is reasonably accessible.

17. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery.

1 | **IT IS SO STIPULATED**, through Counsel of Record.

2 | DATED: April 19, 2017

By: */s/ Stephen A. Maniscalco*
Vernon M. Winters (SBN 130128)
Alexander D. Baxter (SBN 281569)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400
vwinters@sidley.com

*Attorneys for Plaintiffs Amgen Inc. and Amgen Manufacturing Limited*

OF COUNSEL:
Nicholas Groombridge (*pro hac vice*)
Eric Alan Stone (*pro hac vice*)
Jennifer H. Wu (*pro hac vice*)
Jennifer Gordon
Peter Sandel (*pro hac vice*)
Ana J. Friedman (*pro hac vice*)
Arielle K. Linsey (*pro hac vice*)
Stephen A. Maniscalco (*pro hac vice*)
PAUL, WEISS, RIFKIND,
      WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
ngroombridge@paulweiss.com

Wendy A. Whiteford
Lois M. Kwasigroch
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
Telephone: (805) 447-1000
Facsimile: (805) 447-1010
wendy@amgen.com

DATED: April 19, 2017

By: */s/ James Warren Beard*
James Warren Beard (S.B.N. 267242)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94403
Telephone: (415) 439-1400
Facsimile: (415) 436-1500
james.beard@kirkland.com

James F. Hurst (*pro hac vice*)
Cristina Q. Almendarez (*pro hac vice*)
KIRKLAND AND ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
james.hurst@kirkland.com
cristina.almendarez@kirkland.com

Jeanna M. Wacker (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
jeanna.wacker@kirkland.com

*Attorneys for Defendants Sandoz Inc. and Lek Pharmaceuticals d.d.*

8

# ECF ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

Dated: April 19, 2017

By: /s/ James Warren Beard
James Warren Beard

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: April 24, 2017



UNITED STATES MAGISTRATE JUDGE
THE HONORABLE NATHANAEL COUSINS