**SIDLEY AUSTIN LLP**
Vernon M. Winters (SBN 130128)
Sue Wang (SBN 286247)
555 California Street, Suite 2000
San Francisco, CA 94104-1503
Telephone: (415) 772-1200
Facsimile: (415) 772-7400
vwinters@sidley.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Nicholas Groombridge (*pro hac vice*)
Eric Alan Stone (*pro hac vice*)
Jennifer H. Wu (*pro hac vice*)
Jennifer Gordon
Peter Sandel (*pro hac vice*)
Arielle K. Linsey (*pro hac vice*)
Stephen A. Maniscalco (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
ngroombridge@paulweiss.com

**AMGEN INC.**
Wendy A. Whiteford (SBN 150283)
Lois M. Kwasigroch (SBN 130159)
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
Telephone: (805) 447-1000
Facsimile: (805) 447-1010
wendy@amgen.com

*Attorneys for Plaintiffs Amgen Inc. and Amgen Manufacturing, Limited*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMGEN INC. and AMGEN MANUFACTURING, LIMITED, <br> Plaintiffs, <br><br> vs. <br><br> SANDOZ INC., SANDOZ INTERNATIONAL GMBH, SANDOZ GMBH, and LEK PHARMACEUTICALS D.D. <br> Defendants. | Case No. 3:16-cv-02581-RS <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY ORDER** <br><br> Date:      September 7, 2017 <br> Time:      10:00 AM <br> Location:  Courtroom B |

1    Sandoz's motion to stay discovery pending its motion to bifurcate should be denied

2    because further delaying Sandoz's compliance with the Court's Discovery Order does not

3    promote judicial economy, prejudices Amgen, and does not prejudice Sandoz.

4    Trial in this case is set for March 2018. The information for which Sandoz seeks to stay

5    discovery—Sandoz's expected pegfilgrastim approval, marketing, and sales—is relevant to

6    issues of injunctive relief that are currently part of the March 2018 trial, and may also be

7    relevant to the resolution of the patent damages and non-obviousness issues that are being tried

8    to the jury. Thus, this Court correctly determined in its July 17, 2017 Discovery Order:

> Unless and until Sandoz seeks bifurcation, and the Presiding Judge limits the issues to be heard at trial, Amgen's claims for injunctive relief are set to be tried before a jury in March 2018. As such, the undersigned finds <u>Amgen is, at this point, entitled to discovery about Sandoz's expected pegfilgrastim approval, marketing, and sales.</u> If Amgen's injunctive relief claim is later bifurcated, the parties may raise this issue anew with the undersigned.

13    (Case No. 3:14-cv-04741-RS Dkt. No. 262 at 8 (emphasis added).) Following the Discovery

14    Order, Sandoz moved to bifurcate (Dkt. No. 92), and also filed this motion to stay discovery.

15    As an initial matter, there is no good cause that justifies a stay of discovery. Sandoz

16    asserts that good cause exists because it allows the parties to defer costly and potentially

17    unnecessary discovery on Amgen's injunctive relief claim. This fails because it is based on the

18    incorrect premise that Sandoz's motion to bifurcate has or will be granted. Indeed, Sandoz is

19    moving the Court to stay discovery on September 7, 2017 even though Sandoz's motion to

20    bifurcate is not scheduled to be heard until September 14, 2017. Amgen opposes Sandoz's

21    motion to bifurcate on the merits (Dkt. No. 94), and Sandoz should not be able to give itself the

22    relief it requests by refusing to produce discovery while the bifurcation motion is pending. *See,*

23    *e.g., Friends of Maha'ulepu, Inc. v. Hawai'i Dairy Farms, LLC*, No. 15-00205, 2016 WL

24    6917283, at *3–4 (D. Haw. Sep. 2, 2016) (Staying financial discovery pending the Court's

25    decision on bifurcation as to liability and damages "would be contrary to the Court's (and the

26    parties') obligation to administer the Federal Rules of Civil Procedure to secure the just, speedy,

28

1    and inexpensive determination of every action.  Fed. R. Civ. P. 1.  If the case is later bifurcated,

2    the Court can reassess case management at that time.").

3        **First,** delaying discovery further does not promote judicial economy.  (Dkt. No. 94 at 6–

4    9.)  Had Sandoz requested bifurcation at the beginning of the case, the parties may have been

5    able to conserve resources and defer discovery until later.  But there are no efficiencies to be

6    gained by staying discovery when fact discovery has closed and the Court has issued an order

7    compelling Sandoz to provide discovery on injunctive issues. This is particularly true where, as

8    here, the documentary and witness evidence presented to the jury will overlap with evidence for

9    the equitable issues.  It would be more efficient for the Court to hear all issues at the same time.

10        **Second,** Amgen is prejudiced by Sandoz's refusal to produce the relevant documents

11    that are at issue here given that expert discovery is closing on October 6, 2017.  (Dkt. No. 94 at

12    9–10.)  Additional delay would only impose more prejudice upon Amgen by increasing the

13    likelihood that Amgen will need to serve supplemental expert reports and conduct additional

14    fact discovery after the deadline for close of expert discovery has passed.  Amgen would also

15    be prejudiced by a stay of discovery because that essentially grants Sandoz the relief it seeks in

16    its bifurcation motion:  a second discovery period for equitable issues.  Amgen has prepared

17    for trial and proceeded with discovery in this case based on the understanding that the parties

18    would proceed with one discovery period and one trial in this case.  As the parties agreed in the

19    Joint Case Management Statement:  "The Parties do not believe that discovery should be

20    conducted in phases."  (Dkt. No. 50 at 6.)  And the parties have repeatedly stipulated to a

21    schedule that includes one trial, rather than a jury trial and then an injunctive proceeding well

22    after trial.  (*See* Dkt. No. 50, 86, 90; *see also* -04741 Dkt. No. 240.)

23        Sandoz asserts that a stay will not prejudice Amgen because Sandoz anticipates that its

24    biosimilar pegfilgrastim product will not launch until or after 2019, which still gives Amgen

25    time to conduct discovery after the liability trial.  Again, this assumes that Sandoz prevails on

26    its motion to bifurcate.  If Sandoz's motion to bifurcate is denied, then Amgen will have less

27    than seven months to complete discovery and expert reports before the March 2018 trial.  This

28

2

does not ensure that "Amgen will have ample time to complete discovery" (Dkt. No. 93 at 4), and instead proves that Amgen will suffer prejudice if the Court stays its own Discovery Order. Indeed, delaying the discovery would only prolong the parties' patent disputes, which is contrary to one of the purposes of the BPCIA to facilitate litigation prior to FDA approval. *See Sandoz Inc. v. Amgen Inc.*, 137 S. Ct. 1664, 1670 (2017).

**Third,** Sandoz would not suffer any prejudice from providing the discovery it was ordered to produce. (Dkt. No. 94 at 10–12.) Sandoz has long known of Amgen's request—particularly as Sandoz agreed to produce this information last year[1]—and Sandoz has delayed its production long enough. The Court should confirm—once again—that Sandoz must provide relevant information to Amgen. Holding otherwise would mean that parties could unilaterally withhold discovery on equitable issues, without moving for bifurcation or considering whether the Court has granted bifurcation.

Sandoz suggests that Amgen will use the requested information to put Sandoz at a competitive disadvantage by unnecessarily revealing information to Amgen and its in-house counsel. (Dkt. No. 93 at 4.) This is without merit. The Protective Order in this case specifies that Highly Confidential information may only be disclosed to certain designated in-house counsel who have "no involvement in competitive decision-making" (Dkt. No. 68 at 10, 14) among other requirements. In addition to all other attorneys in this case, Amgen's in-house counsel sign an Acknowledgement and Agreement to be Bound (Dkt. No. 68 at 21) by the terms of the Protective Order. Further, Amgen's in-house counsel have made appearances in this case and, just like outside counsel who come under the Protective Order, are officers of the court. There is simply no basis to accuse Amgen of improper use of Sandoz's information.

---

[1] Amgen requested discovery regarding Sandoz's expected pegfilgrastim approval, marketing, and sales nearly one year ago in August 2016, and Sandoz agreed in September 2016 to produce information such as "responsive, nonprivileged documents sufficient to show current actual, estimated, or forecasted sales, revenue, costs, and/or profits for Sandoz's biosimilar pegfilgrastim product in the United States to the extent they exist and are within Sandoz Inc.'s control, custody, or possession and can be located through a reasonable search." (*See* Dkt. No. 94 at 1–2.)

1    Nor can that allegation shield Sandoz from producing relevant information.  Indeed, Amgen

2    produced its highly sensitive competitive information under the existing Protective Order;

3    Sandoz is not prejudiced by having to do the same, particularly where it has not moved to

4    modify the Protective Order when the Court invited it to do so after Sandoz raised similar

5    issues.[2]

6            Accordingly, Amgen respectfully requests that the Court deny Sandoz's motion.  If,

7    however, the Court agrees to stay discovery pending Judge Seeborg's ruling, Amgen

8    respectfully requests that, if Sandoz's motion to bifurcate is denied, the Court order Sandoz to

9    produce outstanding discovery regarding its proposed pegfilgrastim product within five business

10   days of that ruling.

11

12   Date:  August 16, 2017                      Respectfully submitted,

13

14                                       */s/ Nicholas Groombridge*
                                        Vernon M. Winters (SBN 130128)
15                                      Sue Wang (SBN 286247)
                                        SIDLEY AUSTIN LLP
16                                      555 California Street, Suite 2000
                                        San Francisco, CA 94104
17                                      Telephone: (415) 772-1200
                                        Facsimile: (415) 772-7400
18                                      vwinters@sidley.com

19
                                        *Attorneys for Plaintiffs Amgen Inc. and*
20                                      *Amgen Manufacturing, Limited*

21                                      OF COUNSEL:
22                                      Nicholas Groombridge (*pro hac vice*)

23   _____

24   [2] Sandoz appears to be raising a previously litigated issue about the scope of the Protective
     Order in this case in arguing that "revealing this information to Amgen and, in turn, Amgen in-
25   house counsel, will put Sandoz at a competitive disadvantage."  (Dkt. No. 93 at 4.)  But the
     Court already rejected this argument as speculation.  (*See* Dkt. No. 66 at 3–4.)  Indeed, the
26   Court invited Sandoz to move to modify the protective order "provided" it could "point to
     factual circumstances of each counsel that suggest the risk of inadvertent disclosure of
27   confidential information," (*Id.* at 4) but Sandoz could not do so.

28                                        4

Eric Alan Stone (*pro hac vice*)
Jennifer H. Wu (*pro hac vice*)
Jennifer Gordon
Peter Sandel (*pro hac vice*)
Arielle K. Linsey (*pro hac vice*)
Stephen A. Maniscalco (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
ngroombridge@paulweiss.com

Wendy A. Whiteford (SBN 150283)
Lois M. Kwasigroch (SBN 130159)
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
Telephone: (805) 447-1000
Facsimile: (805) 447-1010
wendy@amgen.com

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby certify that concurrence in the filing of this document has been obtained from Nicholas Groombridge.

Dated: August 16, 2017

By:  ___*/s/ Sue Wang*_____