UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMGEN INC., ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SANDOZ INC., et al.,<br><br>    Defendants. | Case No. 16-cv-02581-RS (MEJ)<br><br>**ORDER RE: MOTION TO STAY DISCOVERY ORDER**<br><br>Re: Dkt. No. 93 |

## INTRODUCTION

On July 17, 2017, the undersigned issued a Discovery Order finding, among other things, Plaintiffs Amgen Inc. and Amgen Manufacturing, Ltd. (together, "Amgen") are entitled to discovery from Defendants Sandoz Inc., Sandoz International GmbH, Sandoz GmbH, and Lek Pharmaceuticals d.d. (collectively, "Sandoz") regarding the anticipated approval, marketing, and sales of Sandoz's proposed pegfilgrastim product. Disc. Order, Dkt. Nos. 262 (unredacted) & 266 (redacted).[1] On July 28, 2017, Sandoz filed a Motion to Separate Equitable Relief, which the Presiding Judge in this matter, the Honorable Richard Seeborg, is scheduled to hear on September 14, 2017. Mot. to Separate, Dkt. No. 92. Sandoz requests the undersigned stay the Discovery Order until Judge Seeborg rules on that Motion. *See* Mot. Amgen filed an Opposition (Dkt. No. 98) and Sandoz filed a Reply (Dkt. No. 103). The Court finds this matter suitable for disposition without oral argument and **VACATES** the September 7, 2017 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' argument, the relevant legal authority, and the

---

[1] The Discovery Order was filed in related case *Amgen Inc. v. Sandoz Inc.*, Case No. 14-cv-4741-RS (MEJ). Unless otherwise noted, citations to the record refer to documents filed in Case No. 16-cv-2581-RS (MEJ).

record in this case, the undersigned **DENIES** the following Motion for the following reasons.

## DISCUSSION

Sandoz argues good cause exists to stay the Discovery Order because it will allow the parties to "defer costly and potentially unnecessary discovery on Amgen's injunctive relief claim" because "Amgen cannot seek injunctive relief unless it prevails on both validity and infringement of the '878 patent." Mot. at 3. Sandoz contends that if Judge Seeborg grants its Motion to Separate and if Sandoz prevails on either the validity or infringement issues, then the parties need not reach the issue of injunctive relief. *Id.* Moreover, given the "competitively sensitive" nature of the requested discovery, a stay "will avoid or reduce the risk of substantial competitive harm and prejudice to Sandoz." *Id.* at 4. Finally, Sandoz argues Amgen will not be prejudiced by a stay: "[i]f [Judge Seeborg] grants Sandoz's motion to separate, and if Amgen wins on liability at trial, it will have at least nine months to complete discovery and seek injunctive relief before pegfilgrastim is approved by the FDA and launched in or after 2019." *Id.* at 4.

A stay is not warranted at this point. Sandoz's arguments are premised on two assumptions: that Judge Seeborg will bifurcate the injunctive relief from the March 2018 trial and that Amgen will not prevail on its validity and infringement claims. Neither outcome is certain at this point. Amgen needs discovery on the approval, marketing, and sales of Sandoz's proposed pegfilgrastim product so it may seek its injunctive relief. Trial is approximately seven months away; reply expert reports are due on September 1, 2017; and expert discovery closes on October 6, 2017. Dkt. No. 81 (Scheduling Order). In light of these rapidly approaching deadlines, to indefinitely delay discovery on the pegfilgrastim matter while the parties await Judge Seeborg's ruling would prejudice Amgen's ability to effectively prepare for trial if Judge Seeborg denies the Motion to Separate.

Sandoz contends "[t]he requested stay is short" as "[i]t is likely that Judge Seeborg will either issue an order or provide substantive feedback at the [September 14] hearing (or earlier)." Reply at 2. But Judge Seeborg may also take the matter under submission after the hearing. In either case, if he declines to bifurcate the injunctive relief issue, Amgen will obtain the discovery on the eve of the close of expert discovery and less than six months before trial. *See id.* (if Judge

1 Seeborg denies the Motion to Separate, "Sandoz estimates that it will need approximately 20 days to produce the written documents and will then work with Amgen's counsel to schedule a deposition on the topic shortly thereafter according to the schedules of Amgen's counsel and the witness"). This timeline does not reflect the many potential delays inherent in discovery in this type of case. Staying the Discovery Order may unfairly prejudice Amgen.

Conversely, Sandoz does not explain why the parties' Protective Order does not sufficiently protect against the improper use of this discovery. *See* Mot. at 4 (arguing stay will reduce the risk of competitive harm and prejudice to Sandoz); Reply; *see also* Protective Order ¶¶ 7.3, 9, Dkt. No. 68.

Accordingly, the undersigned DENIES the Motion to Stay. The parties may stipulate to a stay or raise this issue again if Sandoz's Motion to Separate Equitable Relief is granted.

**IT IS SO ORDERED.**

Dated: August 24, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge