UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMGEN INC., et al.,

    Plaintiffs,

v.

SANDOZ INC., et al.,

    Defendants.

Case No. 16-cv-02581-RS

**ORDER DENYING MOTION TO SEPARATE EQUITABLE RELIEF**

## I. INTRODUCTION

Defendants Sandoz Inc., Sandoz International GmbH, Sandoz GmbH, and Lek Pharmaceuticals d.d. (collectively, "Sandoz") move to separate Plaintiff Amgen's claims for injunctive relief until after the merits of Amgen's patent infringement suit have been resolved by jury trial. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument and the hearing set for September 14, 2017 is vacated. Because Sandoz has not met its burden of proving that bifurcation is warranted, its motion is denied.

## II. BACKGROUND

The patent disputes at issue between Amgen and Sandoz began in 2014. They involve two different products and two different cases brought under the Biologics Price Competition and Innovation Act ("BPCIA"). The first case involves Sandoz's efforts to make and market a biosimilar version of Amgen's pharmaceutical product filgrastim. This second case involves similar efforts related to an Amgen pharmaceutical called pegfilgrastim. While Sandoz's

biosimilar filgrastim product has been approved by the FDA, its pegfilgrastim biosimilar will not be approved until 2019 at the earliest. Both cases are on the same discovery and trial schedules. Fact discovery closed on June 23, 2017. Expert discovery closes on October 6, 2017. Trial is set for March 26, 2018.

The motion at issue stems from a discovery dispute. In April of 2017, Amgen sought discovery of Sandoz's financial projections for its pegfilgrastim biosimilar including information related to FDA approval, marketing, and sales. Sandoz refused to produce documents or a witness on such topics. The parties subsequently submitted letter briefs outlining their positions and, on July 17, 2017, the magistrate judge overseeing discovery ruled that Sandoz was required to produce the material. The magistrate judge noted that the requested information regarding Sandoz's pegfilgrastim biosimilar was relevant to Amgen's claims for injunctive relief and those claims were set to be tried before a jury in March 2018. Unless and until Sandoz obtained a ruling limiting the issues being heard at trial, Amgen was entitled to the discovery requested. In response to this ruling, Sandoz filed the instant motion to separate Amgen's claims for equitable relief.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) permits district courts to order a separate trial "of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for purposes of "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Generally, a district court "has broad discretion to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings[.]" *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001). Courts consider several factors in determining whether bifurcation is appropriate including separability of the issues, simplification of discovery, conservation of resources, and prejudice to the parties. *See Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982); *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 459 (N.D. Cal. 1994). The party requesting bifurcation bears the burden of proving it is warranted in a particular case. *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 102 (N.D. Cal. 1992).

## IV. DISCUSSION

Sandoz apparently believes that "bifurcation" is too dramatic a word to describe its request and thus has styled its motion as seeking to "separate equitable relief." Nonetheless, bifurcation is in fact what Sandoz seeks.

In support of its motion, Sandoz first argues that bifurcation would promote efficiency and judicial economy because issues regarding the validity of Amgen's patent and Sandoz's alleged infringement must be decided before Amgen can seek injunctive relief anyway. If Sandoz prevails on these earlier issues, bifurcation would prevent the unnecessary waste of time or resources involved in addressing injunctive relief. Second, Sandoz argues that Amgen would not suffer prejudice as a result of bifurcation because: a) Amgen has no right to a jury trial for the issue of injunctive relief; b) there is minimal overlap between the issues of injunctive relief and the other issues to be tried; and c) if the jury finds that Sandoz has infringed on Amgen's patent, Sandoz would then provide immediate discovery of its pegfilgrastim biosimilar financials as needed to litigate the issue of injunctive relief. Lastly, Sandoz argues it would suffer prejudice if the proceedings were not bifurcated because: a) revealing the information sought by Amgen would put it at a competitive disadvantage; and b) providing the information would require depositions and written discovery that would burden the parties as they prepare for trial.

Amgen, in response, argues that bifurcation would not promote judicial economy and would in fact cause Amgen to suffer prejudice. With regard to economy, Amgen asserts that: a) Sandoz's motion comes too late (after the close of fact discovery) to conserve resources through a stay on discovery; b) it would be more efficient for the parties to complete discovery now in accordance with their stipulated case schedule than to wait until after trial to conduct further discovery of information Sandoz currently possesses; and c) the documentary and witness evidence presented at trial will overlap with evidence relating to Amgen's claim for equitable relief and would be more efficiently addressed all at once. With regard to prejudice, Amgen argues: a) it should not be denied access to information that may be relevant to the resolution of issues raised at the jury trial; b) Amgen has already produced analogous financial information to

ORDER DENYING MOTION TO SEPARATE EQUITABLE RELIEF
CASE NO. 16-cv-02581-RS

3

that which Sandoz now seeks to withhold; and c) Amgen has until now prepared for trial and conducted discovery based on an understanding that equitable issues would not be bifurcated. Finally, Amgen asserts that the prejudice Sandoz alleges it will suffer is contingent on Amgen improperly using the information it receives from Sandoz and thus violating the Protective Order already in effect in this case.

Sandoz has not met its burden of proving that bifurcation is warranted. First, it is not clear that bifurcation would conserve judicial resources. While Sandoz is correct that the issue of injunctive relief will be decided by the Court not by the jury, it is far from clear that evidence related to injunctive relief (including the material Amgen seeks to discover) will prove irrelevant to other issues in the case. It seems quite possible that Sandoz's proposed bifurcated approach would end up requiring a post-trial hearing to resolve the issue of injunctive relief that involves live witnesses who will have already testified at trial.

Second, the prejudice that Sandoz claims it will suffer is overstated. The burden on Sandoz of providing Amgen with its pegfilgrastim biosimilar financials via deposition and documentary discovery, as ordered by the magistrate judge in July, seems less significant than the burden that might be imposed on the Court and on both parties should supplemental discovery be required after trial. Furthermore, Sandoz's claim that the financial information it produces to Amgen might put it at a competitive disadvantage is predicated on the belief that Amgen might improperly use that information in violation of the Protective Order, a premise which Sandoz offers no basis to presume.

These cases started years ago and fact discovery has already closed. The bifurcated approach that Sandoz proposes risks further prolonging the dispute between the parties well beyond the March trial for which both have been preparing for some time. Taking such a course might delay resolution of the dispute and could end up imposing greater burdens on the Court and the parties over the long term. The better and more efficient approach is to deal with any depositions and discovery that might be relevant now so that the trial in March can conclusively address all aspects of the dispute.

## V. CONCLUSION

Sandoz's motion to separate equitable relief is denied.

**IT IS SO ORDERED**.

Dated:

_____
RICHARD SEEBORG
United States District Judge